UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME EDWIN MONTGOMERY,

        Petitioner,

                                                CASE NO. 2:06-CV-15758
v.                                          HONORABLE JULIAN ABELE COOK, JR.

BARRY D. DAVIS,

        Respondent.
_____/

**OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY
AND GRANTING PETITIONER'S APPLICATION TO PROCEED
WITH AN APPEAL IN FORMA PAUPERIS**

Petitioner Jerome Edwin Montgomery, a state inmate currently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. On September 2, 2009, the court denied the petition. Petitioner has now filed a Notice of Appeal and an Application to Proceed with An Appeal In Forma Pauperis.

Before a petitioner may appeal a court's dispositive decision denying a petition for a writ of habeas corpus, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Even if a petitioner does not file a request for a certificate of appealability, upon the filing of a notice of appeal, the district court must either issue a certificate of appealability indicating the issues that satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *Castro v. United States*, 310 F.3d 900, 901-03 (6th Cir. 2002) (per curiam).

When a habeas petitioner seeks permission to initiate appellate review of the dismissal of a

petition, a federal court should limit its examination to a threshold inquiry into the underlying merit of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

In his habeas petition, Petitioner argued that he is entitled to habeas relief because he was denied his right to an impartial jury in violation of the Sixth and Fourteenth Amendments. The state court of appeals found the question of whether the state trial court abused its discretion in refusing to declare a mistrial based upon alleged juror bias to be a close one. This court denied habeas relief to Petitioner because he failed to overcome the presumption that the state trial court's finding that the challenged juror could proceed impartially was correct. The court concludes that reasonable jurists could not debate the court's conclusion that the petition does not present any claim upon which habeas relief may be granted because the state court decisions were entirely consistent with federal law as established by the United States Supreme Court, and were not based upon an unreasonable determination of the facts in light of the evidence presented. *Dockins v. Hines,* 374 F.3d 935, 938 (10th Cir. 2004) (AEDPA deferential review of state court decisions is incorporated into consideration of request for certificate of appealability) (citing *Miller-El*, 537 U.S. at 349-50) (Scalia, J., concurring)); *see also Miller-El*, 537 U.S. at 336 ("We look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason."). Therefore, the court declines to issue a certificate of appealability.

Petitioner has filed an Application to Proceed with an Appeal in forma pauperis. This court granted Petitioner leave to proceed in forma pauperis in the district court. Federal Rule of Appellate Procedure 24(a)(3)(A) provides that a party who was permitted to proceed in forma pauperis in the district-court action "may proceed on appeal in forma pauperis without further authorization, unless the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith." *See also* 28 U.S.C. § 1915(a)(3) (An appeal may not be taken in forma pauperis if the court determines that it is not taken in good faith). The standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith. *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Id.* at 632. While the court has held that reasonable jurists would not find the court's decision that the petition lacked merit to be debatable or wrong, the court finds that an appeal may be taken in good faith. The court, therefore, will grant the Application to Proceed with an Appeal In Forma Pauperis.

Accordingly, the court DENIES a Certificate of Appealability and GRANTS the Application to Proceed with an Appeal *In Forma Pauperis*.

**SO ORDERED.**

                                                             S/Julian Abele Cook, Jr.
                                                             JULIAN ABELE COOK, JR.
                                                            UNITED STATES DISTRICT JUDGE

Dated: October 27, 2009

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participant Jerome Montgomery, #204158, Newberry Correctional Facility, 3001 Newberry Avenue, Newberry, MI 49868 on October 27, 2009.

<u>s/ Kay Doaks</u>
Case Manager